# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RAYMOND JAMES BANK, N.A.,

Plaintiff,

v.

SATICOY BAY LLC SERIES 2918 CURRANT,

Defendant.

Case No. 2:13-cv-02089-RFB-NJK

**ORDER**

## I. INTRODUCTION

Before the Court is Defendant Saticoy Bay LLC Series 2918's ("Saticoy Bay") motion for summary judgment. ECF No. 39. The Court previously granted the motion via minute order on March 3, 2016. ECF No. 56. This written order now follows.

## II. BACKGROUND

### A. Procedural History

Plaintiff Raymond James Bank, N.A., ("RFB") filed its complaint on November 13, 2013, naming Saticoy Bay as the sole defendant and asserting claims for quiet title and declaratory relief. ECF No. 1. On December 10, 2013, Saticoy Bay filed an Answer and Counterclaim in which it asserted similar claims for quiet title and declaratory relief. ECF No. 8. On September 16, 2014, the Court issued an order staying the case pending resolution of two cases involving similar legal questions before the Nevada Supreme Court. ECF No. 28. The stay was lifted by order of the Court on November 5, 2014. ECF No. 36. Discovery closed on February 24, 2015, and Saticoy Bay filed a Motion for Summary Judgment on March 25, 2015. Id.; ECF No. 39.

1    The Court held oral argument on the Motion for Summary Judgment on January 26, 2016.
ECF No. 53. On March 30, 2016, the Court granted the motion and stated that it would issue a written order. ECF No. 56. The issuance of that written order was stayed pending the various appellate issues pending regarding Nevada's foreclosure statute in state and federal appellate courts. This written order now follows.

### B. Undisputed Facts

After reviewing the evidence submitted by the parties, the Court finds the following undisputed facts.

On August 5, 2005, Sharon Jones executed a Deed of Trust on the real property located at 2918 Currant Lane, Henderson, Nevada (the "Property"). The Deed of Trust secured a note in the amount of $137,000 to Jones and was recorded on September 7, 2005. The Deed of Trust was assigned to RJB on July 29, 2011 in an Assignment of Deed of Trust that was recorded on August 8, 2011.

On August 27, 2012, Nevada Association Services ("NAS"), the foreclosure agent for the Green Valley South Homeowners Association ("HOA"), recorded a Notice of Delinquent Assessment Lien against the Property. NAS sent a notice of lien to Sharon Jones on September 4, 2012. NAS recorded a Notice of Default and Election to Sell under the HOA's lien on October 22, 2012, and sent the notice to RJB by certified mail on October 26, 2012. A Notice of Foreclosure Sale under the HOA's lien was recorded on February 22, 2013 and sent to RJB by certified mail on February 19, 2013. On June 21, 2013, NAS, on behalf of the HOA, conducted a foreclosure sale by public auction. Saticoy Bay was the winning bidder at the foreclosure sale with a bid of $17,100. A Foreclosure Deed was recorded against the Property on June 24, 2013 reflecting that the Property was sold to Saticoy Bay. The Foreclosure Deed states that NAS "has complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the posting and publication of the Notice of Sale."

**III.     LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**IV.     DISCUSSION**

In its Motion for Summary Judgment, Saticoy Bay argues that it purchased title to the Property at the HOA foreclosure sale and that this sale extinguished RJB's interest (the Deed of Trust) by operation of NRS 116. 3116. RJB raises several arguments in response, including that NRS 116.3116 violates the Due Process and Takings Clauses of the U.S. Constitution, that the HOA improperly included costs of collection in its lien, and that genuine issues of material fact exist as to whether the foreclosure sale was properly conducted and whether the foreclosure sale was commercially reasonable.

/ / /

After reviewing the applicable law and the evidence in the record, the Court concludes that RJB has not established equitable grounds to set aside the foreclosure sale and will award summary judgment to Saticoy Bay.

The Court first addresses the constitutional challenges. In the period between when oral argument on this motion was held and this written opinion issued, the Nevada Supreme Court has held, and the Ninth Circuit Court of Appeals confirmed, that the opt-in notice requirements of the version of NRS Chapter 116 in effect at the time of the HOA foreclosure sale are constitutional. See SFR Invs. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1250–253 (Nev. 2018); Bank of America, N.A. v. Arlington West Twilight Homeowners Ass'n, 920 F.3d 620, 624 (9th Cir. 2019). As all of RJB's arguments as to the unconstitutionality of NRS Chapter 116 are based on the opt-in notice scheme, the Court rejects them in light of these subsequent decisions.

RJB next argues that summary judgment should be denied for several reasons unrelated to its constitutional challenges: first, because the HOA and/or NAS improperly included costs of collection in the HOA's lien; and second, because it is disputed whether the HOA sale was commercially unreasonable. These arguments have both been addressed by subsequent decisions, and the Court dismisses them accordingly.

The Nevada Supreme Court case Nationstar Mortgage, LLC v. Saticoy Bay Series 227 Shadow Canyon is dispositive of these issues. 405 P.3d 641 (Nev. 2017). In that case the Nevada Supreme Court found that inclusion of fines or costs of collection in the HOA lien was permissible, and that the "commercial reasonableness" standard applicable under the Uniform Commercial Code ("UCC") does not apply in the context of HOA foreclosure sales. Id. at 646, 650. In lieu of commercial reasonableness, the Court may examine whether there are equitable grounds to invalidate a foreclosure sale if there is a showing of inadequate sales price *and* that

the sale was affected by fraud, unfairness or oppression. Id. at 648 – 50. In this case however, RJB has failed to identify any fraud, unfairness or oppression that affected the sale. The Court accordingly dismisses these arguments.

Finally, RJB contends that there are genuine issues of material fact regarding whether the sale was properly conducted and whether the required notices were sent to it. RJB argues that Saticoy Bay, in its Motion for Summary Judgment, erroneously relied on the notion that NRS 116 creates a conclusive presumption that the foreclosure sale was conducted properly, whereas in actuality the statute only creates a limited presumption as to the mailing and giving of certain notices and the elapsing of the required 90-day period.

RJB misapprehends the parties' burdens in this case. Saticoy Bay is the defendant and does not have the ultimate burden of proof at trial—that burden rests with RJB. As discussed above, Saticoy Bay has met its burden of production at the summary judgment stage of showing that RJB has no evidence that the foreclosure sale was conducted improperly. As the nonmoving party at summary judgment with the ultimate burden of proof at trial, RJB was required to produce evidence supporting its quiet title claim. In the context of a quiet title action, the burden on the plaintiff is to prove good title in himself. Breliant v. Preferred Equitis Corp., 918 P.2d 314, 318 (Nev. 1996) abrogated on other grounds by Delgado v. Am. Family Ins. Grp., 217 P.3d 563, 567 (Nev. 2009).

RJB's sole argument with respect to whether the foreclosure sale was conducted improperly is that Saticoy Bay failed to establish that all required notices were sent. But the evidence in the record is to the contrary. As found by the Court, it is undisputed that NAS sent the Notice of Default and Election to Sell and the Notice of Sale to RJB by certified mail. Therefore,

///

- 16 -

no genuine issues of material fact exist as to the mailing of the required notices, and RJB has produced no evidence of any other improper conduct with respect to the foreclosure sale.

In sum, RJB has not produced any evidence to support its quiet title claim and has not established the required equitable grounds for setting aside the foreclosure sale.

## V. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendant Saticoy Bay LLC Series 2918 Currant's Motion for Summary Judgment (ECF No. 39) is GRANTED. The Court quiets title and declares that the HOA sale extinguished Plaintiff Raymond James Bank's deed of trust. The Clerk of Court is instructed to enter judgment in favor of Defendant Saticoy Bay LLC Series 2918 Currant on its counterclaim for quiet title and to close the case.

**DATED**: March 2, 2020.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**